IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

BOBBY JAMES MOSLEY, JR.           )
                                  )
    v.                            )   NO. 1:08-0013
                                  )
JAMES FORTNER, WARDEN             )


TO:     Honorable Robert L. Echols, District Judge


# REPORT AND RECOMMENDATION

By Order entered April 16, 2008 (Docket Entry No. 9), the Court referred the instant Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 to the Magistrate Judge for further proceedings under Rule 8(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. § 636(b)(1)(B), and Rule 7 of the Local Rules for Magistrate Judge Proceedings.

Respondent has filed an Answer (Docket Entry No. 18), in which he seeks denial of the writ and dismissal of the case. Petitioner has filed a Reply to the Answer. See Docket Entry No. 21. Set out below is the Court's recommendation for resolution of the Petition.

## I. PETITION

Petitioner is currently an inmate of the Tennessee Department of Correction ("TDOC") confined at the Turney Center Industrial Prison & Farm ("Turney Center"). On August 6, 2004, he was convicted by a jury in Marshall County, Tennessee of the crime of aggravated robbery and was later sentenced to a term of 12 years imprisonment.

The facts of the crime, as summarized by the Tennessee Court of Criminal Appeals, are as follows:

> In 2003, the victim, Danny Reeves, was closing the McDonald's Restaurant in Lewisburg where he worked as manager. As he locked the restaurant doors, an armed individual appeared and asked him if he was "ready to die." The assailant took the victim's briefcase, which consisted of approximately five thousand dollars in restaurant receipts, and his wallet, which consisted of approximately one thousand dollars. The victim, who was directed to lie on the ground and count slowly to one hundred, counted to twenty-five before realizing that his assailant had left. He then called for assistance.
>
> Several police officers converged on the scene and found the defendant in a nearby field. As he attempted to flee, the defendant discarded a briefcase. Police found three thousand dollars in his pants and underwear. In a search of the defendant's car, police later found the victim's wallet and the clothing the defendant had worn during the robbery.

See Addendum No. 2 (Docket Entry No. 19-8) to Respondent's Answer, at 69-70.

In his direct appeal, Petitioner asserted that the trial court erred by: (1) limiting the direct examination of Petitioner and/or the presentation of his theory of defense; (2) barring Petitioner from the courtroom during his criminal trial; and (3) striking Petitioner's testimony from the record. See Addendum No. 2 (Docket Entry No. 19-8), at 5. The Tennessee Court of Criminal Appeals affirmed his conviction on November 17, 2005, id. at 69, and Petitioner's application for permission to appeal to the Tennessee Supreme Court was denied on March 27, 2006. Id. at 81. Petitioner did not seek a writ of certiorari to the United States Supreme Court.

Petitioner thereafter filed a pro se petition for a writ of habeas corpus in state court on May 8, 2006, contending that he was being illegally imprisoned having been previously acquitted of the aggravated robbery charge. See Addendum No. 3 (Docket Entry No. 19-9) to Answer, at 2-6. On June 6, 2006, the trial court dismissed the petition. Id. at 49. Petitioner did not take an appeal from that dismissal.

2

On September 25, 2006, Petitioner filed a second pro se petition for a writ of habeas corpus, again contending that he was being illegally imprisoned because he had been previously acquitted of the aggravated robbery charge. See Addendum No. 4 (Docket Entry No. 19-10) to Answer, at 2-7. The trial court dismissed the petition on October 24, 2006, id. at 40, and the Tennessee Court of Criminal Appeals affirmed the dismissal on June 20, 2007. See Addendum No. 5 (Docket Entry No. 19-11) to Answer, at 56. Petitioner's application for permission to appeal to the Tennessee Supreme Court was denied on September 17, 2007. Id. at 63.

Petitioner thereafter filed the instant Petition for habeas corpus relief under 28 U.S.C. § 2254 on October 2, 2007. Petitioner's first ground for relief is that he was denied a fair trial and due process of law as guaranteed by the Sixth Amendment because the "trial court and prosecutor entered false information into the record" suggesting that Petitioner's trial had been severed from the trial of his co-defendants, and the trial court also altered the verdict of Petitioner's acquittal. See Docket Entry No. 1, at 4. Petitioner's second ground for relief is that he was denied due process and the equal protection of law as guaranteed by the Fourteenth Amendment because the trial court failed to pronounce him not guilty of the aggravated robbery charge and later sentenced him after he was acquitted. Id. at 6.

The underlying alleged factual predicate for both claims is Petitioner's contention that his trial and the trial of co-defendant, Holly Perryman, were consolidated and he was tried and acquitted of the aggravated robbery charge during the trial of Ms. Perryman in September 2003, that the trial court and prosecuting attorney made "false" statements on the record during Ms. Perryman's trial that suggested that his trial had been severed from her trial, and that the verdict form of acquittal entered in Ms. Perryman's trial was altered so that it did not show his acquittal. Based on this

3

alleged factual scenario, Petitioner contends that his trial and conviction in August 2004, and the imposition of his sentence in September 2004, were violations of his constitutional rights because he had already been acquitted of the charges brought against him.

## II. ANSWER AND PETITIONER'S REPLY

Respondent answers the Petition by asserting that:

1) the Petition was not timely filed under 28 U.S.C. § 2244(d);

2) Petitioner procedurally defaulted his two grounds for relief by failing to properly present the grounds to the state courts because he raised them in state petitions for habeas corpus relief and not in a state petition for post-conviction relief; and

3) the state courts relied on independent and adequate state grounds when they ruled on his grounds for relief in the state habeas corpus proceedings and, thus, substantive review of the claims in this Section 2254 action is barred.

In his reply (Docket Entry No. 21), Petitioner does not address any of the arguments for dismissal made by Respondent but merely reargues what he believes to be the merits of the grounds for relief raised in his Petition.

## III. ANALYSIS

Upon consideration of the Petition and Respondent's Answer, it appears that an evidentiary hearing is not required in this matter. See Sawyer v. Hofbauer, 299 F.3d 605, 610 (6th Cir. 2002). Therefore, the Court shall dispose of the Petition as the law and justice require. See Rule 8, Rules Governing Section 2254 Cases.

4

A. Timeliness of the Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), established a one year limitations period during which a state prisoner can bring a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1) provides that the one year limitations period begins to run from the latest of the following events:

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Neither party argues that a subsection other than subsection (d)(1)(A) applies. Accordingly, the Court finds that the statute of limitations began to run when Petitioner's criminal judgment became final on June 25, 2006, when the 90 day time period for Petitioner to seek a writ of certiorari from the United States Supreme Court expired. See Bachman v. Bagley, 487 F.3d 979, 985 (6th Cir. 2007); Bronaugh v. State of Ohio, 235 F.3d 280, 285 (6th Cir. 2000). The Petition was not filed until October 2, 2007, more than one year from the date when the judgment became final, and is thus untimely unless a basis for tolling the statute of limitations exits.

Statutory tolling of the one year time period is provided for in 28 U.S.C. § 2244(d)(2), which states that:

5

> [t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward any period of limitations under this subsection.

Petitioner sought collateral review of his conviction in the state courts on two occasions by filing petitions for state habeas corpus relief on May 8, 2006, and September 25, 2006, respectively. Although he did not seek an appeal from the denial of his first petition, his unsuccessful appeal of the second petition did not conclude until September 17, 2007. If the time during which the state habeas corpus proceedings were pending is not counted toward the one year statute of limitations in accordance with Section 2244(d)(2), the Petition was timely filed.

Respondent argues that Petitioner's state habeas corpus proceedings do not trigger tolling under Section 2244(d)(2) because the claims raised in the state proceedings did not present cognizable grounds for relief under the state habeas corpus statutes. See Respondent's Answer (Docket Entry No. 18), at 1-3.

Respondent's argument is misplaced. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings [which] usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (emphasis in original). The question of whether an application has been "properly filed" is quite separate from the question of whether the claims contained in the application are meritorious. Id. at 9.

The key distinction developed in Artuz is between "condition[s] to filing," which go to the application for post-conviction review, and "condition[s] to obtaining relief," which go to the individual legal claims contained within the application for review. Id. at 11. Failure to satisfy the

6

former prevents an application from being "properly filed," which in turn prevents tolling under Section 2244(d)(2). Failure to satisfy the latter does not prevent statutory tolling. Id. at 10.

Respondent's argument does not recognize the distinction made in Artuz. Likewise, to the extent that Respondent relies on Reddick v. Tennessee, 2006 WL 2370341 (E.D. Tenn. Aug. 14, 2006), to support its argument that statutory tolling should not apply, see Respondent's Answer (Docket Entry No. 18), at 2-3, not only is this Court not bound by Reddick, but the decision in Reddick is also contrary to both Artuz and Zonge v. Mills, 36 Fed.Appx. 764, 2002 WL 193920 (6th Cir. Feb. 5, 2002), which specifically held that "[a]lthough the state courts rejected petitioner's claims on the ground that the claims are not cognizable in state habeas corpus, the petition itself must be considered 'properly filed' for tolling purposes."

B. Exhaustion and Procedural Default

It is incumbent upon a petitioner seeking relief under 28 U.S.C. § 2254 to have first pursued and exhausted his claims of a federal, constitutional violation in the state courts prior to filing his habeas corpus petition. Rose v. Lundy, 455 U.S. 509, 515-19, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Martin v. Mitchell, 280 F.3d 594, 602 (6th Cir. 2002). The requirement that state remedies be exhausted gives the state courts a fair opportunity to address any federal errors in the first instance and respects the principle of comity between the state and federal courts. See Rose, 455 U.S. at 515-516; Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). Petitioner has the burden of showing that state remedies have been exhausted. See Darr v. Burford, 339 U.S. 200,

7

218-19, 70 S.Ct. 587, 597-98, 94 L.Ed. 761 (1950), overruled in part on other grounds, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner did not appeal the denial of the first state petition for habeas corpus relief filed on May 8, 2006, and, thus, this petition cannot be the basis for exhaustion of the instant grounds for relief. It is well-settled that a petitioner is required to raise his claims before the state's highest court in order to satisfy exhaustion. See Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).

Petitioner appealed the denial of his second state petition for habeas corpus relief to the Tennessee Court of Criminal Appeals and also sought permission to appeal before the Tennessee Supreme Court. Accordingly, with respect to the second petition, he has pursued one complete round of the State's established appellate review process and has satisfied that aspect of the exhaustion requirement. O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

However, Respondent contends that the grounds for relief were not exhausted because they were not fairly presented to the state courts. Respondent argues that the grounds for relief raised by Petitioner in his state habeas corpus petition did not present cognizable claims for relief under state law and should have been raised by Petitioner in a state petition for post-conviction relief instead of in a state habeas corpus petition. Because Petitioner failed to file a petition for post-conviction relief and the time for doing so has now passed, Respondent argues that he has procedurally defaulted the grounds for relief.

Collateral relief from a conviction via a petition for a writ of habeas corpus in Tennessee is a narrow remedy and is available only upon the showing of a void judgment or that a prisoner's term of imprisonment or other restraint has expired. See Summers v. State, 212 S.W.3d 252, 255-56

8

(Tenn. 2007). A habeas corpus petition cannot be used to challenge merely a voidable judgment which is facially valid and which requires proof beyond the face of the record or judgment to establish its invalidity. Id.

In upholding the summary dismissal of the petition by the lower court, the Tennessee Court of Criminal Appeals found that the grounds for relief raised by Petitioner, even if supported by the record, failed to raise cognizable claims for state habeas corpus relief because they would result in his conviction being merely voidable and not void. See Addendum No. 5 (Docket Entry No. 19-11) to Answer, at 60-61.

A claim is not fairly presented if it has been presented for the first and only time in a procedural context in which its merits will not be considered by the state court. Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); Black v. Ashley, 87 F.3d 1315, 1996 WL 266421 (6th Cir. May 17, 1996) ("A state habeas corpus action was not the procedurally proper vehicle for securing review of [the petitioner's] claims.") Because the claims raised by Petitioner in his state petition for habeas corpus relief failed to present cognizable claims in that proceeding which would entitle him to relief even if the claims were proven to be true, Petitioner failed to fairly present the claim to the state courts for the purposes of exhaustion.

Unfortunately for Petitioner, he no longer has the opportunity to present his claims to the state courts via a state petition for post-conviction relief because the one year period of time to file such a petition has expired. See Tenn. Code Ann. § 40-30-102(a). In such a situation, the grounds for relief are considered technically exhausted but procedurally defaulted. See Engle v. Isaac, 456 U.S. 107, 125 n.28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); Hicks v. Straub, 377 F.3d 538, 551 (6th Cir. 2004); O'Guinn v. Dutton, 88 F.3d 1409, 1454-55 (6th Cir. 1996). In order for this Court to

9

review the grounds for relief, Petitioner must demonstrate cause and actual prejudice for his procedural default or show that it would be a fundamental miscarriage of justice to not review his claims on the merits. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Williams v. Anderson, 460 F.3d 789, 806-07 (6th Cir. 2006). Petitioner has not even argued, let alone shown, that cause existed for his default and that he suffered actual prejudice therefrom. Although Petitioner states in his reply that "he is actually innocent," see Docket Entry No. 21, at 17, his mere recitation of this phrase does not satisfy the showing required for a miscarriage of justice, which is limited to extraordinary cases and requires "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." See Schlup v. Delo, 513 U.S. 298, 324 and 326-27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Petitioner's procedural default of his grounds for relief warrants dismissal of his Petition for relief under Section 2254.

C. Independent and Adequate State Grounds

Even if the Court viewed Petitioner's grounds for relief as having been fully and fairly presented and actually exhausted by his second state habeas corpus proceeding, the Court is barred from reviewing the merits on the claims because the state court denied relief to Petitioner on the basis of independent and adequate state procedural rules. Coleman, 501 U.S. at 730-35; Abela v. Martin, 380 F.3d 915, 921 (6th Cir. 2004).

In order for this bar to apply, there must be a state procedural rule applicable to Petitioner's claims, and Petitioner must have failed to comply with that rule. Warner v. United States, 975 F.2d 1207, 1213-14 (6th Cir. 1992), cert. denied, 507 U.S. 932, 113 S.Ct. 1314, 122 L.Ed.2d 702 (1993). In addition, the state court must have enforced the state procedural rule to bar Petitioner's claims. Lastly, the state procedural rule must constitute an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986). A state procedural rule is "adequate" if it is firmly established and regularly followed at the time it is applied. Williams v. Coyle, 260 F.3d 684, 693 (6th Cir. 2001). A state procedural rule is an "independent" ground for precluding federal habeas review if the state court actually relied on the rule to bar the claim at issue. Abela, 380 F.3d at 921-22. Simpson v. Sparkman, 94 F.3d 199, 202 (6th Cir. 1996).

In affirming the denial of state habeas corpus relief to Petitioner, the Tennessee Court of Criminal Appeals specifically noted that it was applying two procedural rules. First, the state court found that Petitioner's grounds for relief were not subject to review because they were previously presented in his first habeas corpus petition and were dismissed. See Addendum No. 5 (Docket Entry No. 19-11) to Answer, at 4-5. Second, the state court found that Petitioner failed to comply with Tenn. Code Ann. § 29-21-107, which required that he disclose the fact that he had filed an earlier habeas corpus petition and provide a copy of the prior petition and proceedings thereon or provide a satisfactory reason for failing to do so. Id. at 6.

The procedural rules upon which the Tennessee Court of Criminal Appeals relied are clearly applicable to his state habeas corpus proceeding and it is not disputed that Plaintiff failed to comply

11

with these rules. Further, the decision by the Tennessee Court of Criminal Appeals specifically invoked the two rules as a basis for declining to grant relief to Petitioner.[1]

Review of Tennessee law shows that the rule barring previously determined claims from being heard and the rule requiring a second petition to disclose the fact that a prior petition had been filed were "firmly established and regularly followed" at the time they were applied to deny Petitioner relief in the state proceeding and thus were adequate to support the state court's decision. Tennessee courts regularly apply the bar against re-litigating claims in habeas corpus proceedings that have been previously determined. See Yates v. State, 2005 WL 2759737 (Tenn. Crim. App. Oct. 25, 2005); Leggs v. Carlton, 2005 WL 1703184 (Tenn. Crim. App. July 21, 2005); Lemming v. Lewis, 2005 WL 9242269 (Tenn. Crim. App. Apr. 25, 2005); John C. Tomlinson v. State, 2002 WL 1400051 (Tenn. Crim. App. June 28, 2002). Additionally, Tennessee law requires strict compliance with the statutory procedural requirements for the filing of habeas corpus petitions, see Summers v. State, 212 S.W.3d 251, 259-60 (Tenn. 2007); Hickman v. State, 153 S.W.3d 16, 19-20 (Tenn. 2004), and habeas corpus petitions are regularly dismissed for failure to comply with the requirements of Tenn. Code. Ann. § 29-21-107(b)(4). See Chism v. Parker, 2007 WL 2768082 (Tenn. Crim. App. Sept. 21, 2007); Duelley v. Carlton, 2007 WL 152543 (Tenn. Crim. App. Jan 22, 2007); Anderson v. State, 2006 WL 2956496 (Tenn. Crim. App. Oct. 10, 2006); Jackson v. State, 2005 WL 176500 (Tenn. Crim. App. Jan 24, 2005).

---

[1] The state court's reliance on the two procedural rules is not negated by the fact that the court also found that Petitioner failed to establish claims for state habeas corpus relief. State courts are free to set out alternative grounds for dismissal of the claims. See Harris v. Reed, 489 U.S. 255, 264 n.10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); Simpson v. Jones, 238 F.3d 399, 408-09 (6th Cir. 2000).

12

It is also clear that the Tennessee Court of Criminal Appeals actually relied on the two procedural rules to deny the Petitioner relief and that its determination of these two issues was independent of Petitioner's constitutional claims.

Having found that the Tennessee Court of Criminal Appeals relied on two adequate and independent state procedural rules to deny Petitioner relief in the state habeas proceeding and having found <u>supra</u> that Petitioner fails to satisfy the cause and prejudice or miscarriage of justice standards, review of the merits of Petitioner's grounds for relief is barred. See <u>Maupin</u>, 785 F.2d at 138.[2]

# R E C O M M E N D A T I O N

Based on the foregoing reasons, the Court respectfully RECOMMENDS that the Petition for Habeas Corpus Relief (Docket Entry No. 1) be DENIED and that this case be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this Report, or the proposed findings or recommendation to which objection is made. Failure to file objections within the specified time can be deemed a waiver

---

[2] Although Petitioner's procedural default of his claims for relief warrants the dismissal of his petition, the Court notes that it has reviewed the entire record in this action, which includes the record from Petitioner's state criminal action, and finds absolutely no merit in Petitioner's allegation that he was tried and acquitted during the trial of Ms. Perryman in September 2003. While Petitioner did testify as a witness at Ms. Perryman's trial and while two of the verdict forms from Ms. Perryman's trial do list a case number which is neither Ms. Perryman's nor Petitioner's case number, <u>see</u> Exhibit 5 to Memorandum in Support of Petition (Docket Entry No. 2), Petitioner has submitted absolutely no factual evidence supporting his claims, which the Court finds are based solely upon Petitioner's tortuous, fanciful, and self-serving interpretation of the records in Ms. Perryman's and his own state criminal proceedings.

of the right to appeal the District Court's Order. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                              Respectfully submitted,

                              */s/ Juliet Griffin*
                              JULIET GRIFFIN
                              United States Magistrate Judge