UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| BOBBY JAMES MOSLEY, JR. | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:08-0013 |
| | ) Judge Echols |
| JAMES FORTNER, WARDEN, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner is serving a twelve-year term of imprisonment in the Tennessee Department of Corrections as a result of his August 6, 2004 conviction for the aggravated armed robbery of the night manager of a Lewisburg, Tennessee McDonald's restaurant. He has filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus" (Docket Entry No. 1) and the Magistrate Judge has issued a Report and Recommendation ("R & R") (Docket Entry No. 28) recommending that the Petition be denied and that this action be dismissed with prejudice. Petitioner has filed Objections to the R & R in a document titled "Motion for Review" (Docket Entry No. 30).

When a party makes timely objections to a Report and Recommendation, the Court "shall make a de novo determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3). Upon de novo review, the Court concludes that the Magistrate Judge was correct in her determination that

1

the claims pursued by Petitioner are procedurally defaulted and that, in any event, his claims lack merit.

Two interrelated grounds are raised in the Petition for Habeas Corpus. First, Petitioner claims that he was denied a fair trial and due process of law because the trial judge and prosecutor allegedly "entered false information into the record" which suggested that Petitioner's trial had been severed from that of his co-defendant. Second, Petitioner claims that he was denied due process and equal protection of the law when the trial judge failed to pronounce him not guilty of aggravated robbery and subsequently sentenced him for that crime. The underlying theme of both grounds is that Petitioner was actually found not guilty of the aggravated robbery charge during the trial of his co-defendant, Holly Lynn Perryman, notwithstanding the fact that the two were tried in separate jury trials.

In the R & R, the Magistrate Judge determined that Petitioner failed to present his claims to the state court for purposes of exhaustion and that he failed to demonstrate cause and actual prejudice for his procedural default. The Magistrate Judge also determined that even if Petitioner's present grounds for relief had been fully and fairly presented in his state habeas corpus proceedings, this Court would be barred from reviewing the merits of the claims because the state court denied relief to Petitioner on the basis of independent and adequate state procedural rules. Petitioner does not file any specific objections to those conclusions and this Court's independent review of the record leads it to conclude that the Magistrate Judge was correct in her determination.

Instead of addressing the issues of exhaustion and default, Petitioner objects to the recommended dismissal of his claims on the grounds that the verdict forms from his co-defendant's

2

trial establish that he was found to be not guilty of the crime of aggravated robbery. In a footnote in the R & R, the Magistrate Judge observed:

> Although Petitioner's procedural default of his claims for relief warrants the dismissal of his petition, the Court notes that it has reviewed the entire record in this action, which includes the record from Petitioner's state criminal action, and finds absolutely no merit in Petitioner's allegation that he was tried and acquitted during the trial of Ms. Perryman in September 2003. While Petitioner did testify as a witness at Ms. Perryman's trial and while two of the verdict forms from Ms. Perryman's trial do list a case number which is neither Ms. Perryman's nor Petitioner's case number, see Exhibit 5 to Memorandum in Support of Petition (Docket Entry No. 2), Petitioner has submitted absolutely no factual evidence supporting his claims, which the Court finds are based solely upon Petitioner's tortuous, fanciful, and self-serving interpretation of the records in Ms. Perryman's and his own state criminal proceedings.

(Docket Entry No. 28 at 13 n.2). The record amply supports the Magistrate Judge's conclusion and includes the following cogent explanation from the Tennessee Court of Criminal Appeals:

> The trial court's record shows that the Appellant was singularly indicted, on May 21, 2003, by a Marshall County grand jury on one count of aggravated robbery of Danny Reeves. The record in Perryman's case shows that she and Latisha Greer were jointly indicted on June 18, 2003, on one count of aggravated robbery of Reeves. Perryman moved to sever her trial from Greer's, and, apparently, the motion was granted because she was tried separately on September 25 and 26, 2003, and convicted of facilitation of aggravated robbery.
> There is nothing in either record to support the Appellant's assertion that his case was consolidated with Perryman's. Indeed, the record contains a statement by the Appellant's trial counsel that he advised the Appellant not to testify at Perryman's trial because his testimony could pose a problem for him at his trial, which was to follow. Moreover, the Appellant advised the court, "I am ready to tell the truth and testify on behalf of this person over here." "I came over here ... [to] testify on behalf of that person over there...." "The same thing I am going to testify to today is what I am testifying to and wrote a statement to *in my own case*." (emphasis added). The trial judge reviewed the advice the Appellant's attorneys had given him and confirmed that they "advised you that you should not testify at these proceedings because you may make statements that could incriminate you and hurt you at your trial."
> On August 5 and 6, 2004, the Appellant was tried separately and convicted of aggravated robbery as indicted. Thus, the record does not support the Appellant's assertions that his case was consolidated with Perryman's or that he was acquitted at her trial. Accordingly, there is no merit to his argument that the trial judge

3

improperly severed his case from Perryman's or that his trial violated double jeopardy protections.

Mosley v. Brandon, 2007 WL 1774309 at \*\*4-5 (Tenn. Crim. App. 2007).

Given the lack of any evidence to the contrary, the Court concludes that even if Petitioner did not procedurally default on the interrelated claims that he was denied due process and equal protection because he was supposedly acquitted of aggravated robbery during the severed trial of his co-defendant, those claims are utterly without any factual merit. Accordingly, the Court enters the following rulings:

(1) The Report and Recommendation of the Magistrate Judge (Docket Entry No. 28) is hereby ACCEPTED and APPROVED;

(2) Petitioner's Objections to the Report and Recommendation as set forth in his Motion for Review (Docket Entry No. 30) are hereby OVERRULED;

(3) This case is hereby DISMISSED WITH PREJUDICE;

(4) A Certificate of Appealability will not issue because Petitioner cannot demonstrate that reasonable jurists would find the Court erred in determining that Petitioner has procedurally defaulted on his claims and/or that his claims lack merit; and

(5) Entry of this Order on the docket shall constitute entry of final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE